UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK TRAVALINI,<br><br>    Petitioner,<br><br>    v.<br><br>BILL LOCKER, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | 1:11-cv—01694-SKO-HC<br><br>ORDER DISMISSING THE PETITION AS SUCCESSIVE PURSUANT TO 28 U.S.C. § 2244(b) (Doc. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE ACTION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 21, 2011 (doc. 5). Pending before the Court is the petition, which was filed on October 6, 2011.

I. <u>Screening the Petition</u>

Rule 4 of the Habeas Rules requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.   Background

Petitioner alleges that he is an inmate of the Atascadero State Hospital serving a sentence of seventy-five years to life imposed in case number 95CM5615 in 2001 by the Kings County Superior Court for forcible escape (Cal. Pen. Code § 4532(a)),

2

car jacking (Cal. Pen. Code § 215), and evasion of police by driving recklessly (Cal. Veh. Code § 2800.2). (Pet. 1-2, 24-25.) In the petition, Petitioner challenges his conviction on various grounds. (Pet. 5-12, 24-29.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On May 27, 2008, a habeas petition challenging Petitioner's Kings County conviction and sentence was denied on the merits by this Court in Frank Allen Travalini v. People of California, State of California, 1:04-cv-06588-OWW-JMD (HC). (Docs. 18, 1; 23, 2:22-24; 26-28.) The Court denied the petition on the merits and entered judgment for the respondent. (Id.)

III. Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,

3

retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

4

Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Kings County judgment was denied on the merits. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. Accordingly, this court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under section 2254. The Court must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that

1  jurists of reason would find it debatable whether the petition
2  states a valid claim of the denial of a constitutional right and
3  that jurists of reason would find it debatable whether the
4  district court was correct in any procedural ruling. Slack v.
5  McDaniel, 529 U.S. 473, 483-84 (2000).
6     In determining this issue, a court conducts an overview of
7  the claims in the habeas petition, generally assesses their
8  merits, and determines whether the resolution was wrong or
9  debatable among jurists of reason. Miller-El v. Cockrell, 537
10 U.S. at 336-37. It is necessary for an applicant to show more
11 than an absence of frivolity or the existence of mere good faith;
12 however, it is not necessary for an applicant to show that the
13 appeal will succeed. Id. at 338.
14     A district court must issue or deny a certificate of
15 appealability when it enters a final order adverse to the
16 applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.
17     Here, Petitioner has not demonstrated that 1) jurists of
18 reason would find it debatable whether or not the petition states
19 a valid claim of the denial of a constitutional right, or 2)
20 jurists of reason would find it debatable whether the petition
21 should be dismissed as successive within the meaning of
22 § 2244(b). Petitioner has not made the substantial showing
23 required for issuance of a certificate of appealability.
24     Therefore, the Court will decline to issue a certificate of
25 appealability.
26     V.   Disposition
27     Accordingly, it is ORDERED that:
28     1) The petition is DISMISSED as successive; and

6

1     2) The Court DECLINES to issue a certificate of
2 appealability; and
3     3) The Clerk is DIRECTED to close this action because the
4 dismissal will terminate the action in its entirety.

IT IS SO ORDERED.

**Dated:   October 25, 2011**             /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE